UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                          :
UNITED STATES,                            :
                                          :
                   *Plaintiff*,           :
                                          :    09 Cr 699-03 (PAC)
         -*against*-                      :
                                          :
JOHN BROWN,                               :    **OPINION & ORDER**
                                          :
                   *Defendant*.           :
                                          :
------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendant John Brown moves for a reduction to his sentence pursuant to Section 404 of the First Step Act of 2018 ("First Step Act"). Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Government agrees that Brown is eligible for a reduction but asks the Court in its exercise of discretion under the First Step Act to decline to grant the relief Brown seeks.

Brown seeks a modest adjustment to the penalty he incurred as a result of his crimes. He has already served his full term of imprisonment of approximately ten years, and even with the reduction granted herein will still face four years of supervised release.

The motion is GRANTED; Brown's term of supervised release is reduced to four years.

## BACKGROUND

In 2018 Congress enacted the First Step Act, a set of criminal justice reforms directed, in part and as relevant here, at ameliorating the consequences of policies that had harsh impact on crack-cocaine offenders. *See United States v. Simons*, 375 F. Supp. 3d 379, 382 (E.D.N.Y. 2019) (Weinstein, J.) (describing the First Step Act as a "well-considered statement[] of federal policy" that "favor[s] sending fewer people to prison, imposing shorter sentences for drug crimes, and

reducing the sentencing disparity between crack and powder cocaine offenses"). The Defendant was one such offender.

Brown was arrested on June 17, 2009 and indicted on a charge of conspiracy to distribute and possess with intent to distribute 50 grams and more of crack in violation of 21 U.S.C. § 812, 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 841(b)(1)(A). 21 U.S.C. § 846; Presentence Report ("PSR"), at 1–3; Indict., Dkt. 29, at 1–3. Brown pled guilty on December 15, 2009 and was sentenced on September 13, 2010 to 132 months in custody (11 years), followed by five years of supervised release. Minute Entry dated 12/15/2009; Minute Entry dated 9/13/2010. The sentencing court inquired in 2012 as to whether Brown's sentence should be reduced under the Fair Sentencing Act of 2010, Pub. L. No. 111–120, 124 Stat. 2372 (2010) (the "Fair Sentencing Act"), but ultimately declined to reduce his sentence. Dkt. 158, at 1; Minute Entry dated 5/14/2012.

Brown was released from prison on January 25, 2019 and is currently on supervised release. Dkt. 228, at 3. He seeks a reduction of his term of supervised release from the prior minimum of five years to the adjusted minimum of four years pursuant to the First Step Act. Dkt. 233, at 3. The Supplemental Presentence Report prepared by the U.S. Probation Office finds Brown eligible for a sentence reduction. Dkt. 227, at 2.

## DISCUSSION

### I. Motion for Reconsideration Under the First Step Act

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)). One such

circumstance is provided by 18 U.S.C. § 3582(c)(1)(B), which permits a district court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute."

### A. Applicable Statutory Law

The Fair Sentencing Act of 2010 "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams with respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." *Dorsey v. United States*, 567 U.S. 260, 269 (2012). The Fair Sentencing Act also reduced the applicable mandatory minimum term of supervised release from five years to four. 21 U.S.C. § 841(b)(1)(B).

Section 404(b) of the First Step Act made Sections 2 and 3 of the Fair Sentencing Act retroactive, permitting the Court, "on motion of the defendant . . . [to] impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." § 404(b). Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." § 404(a). Section 404(c) confirms the Court's discretion: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." § 404(c).

### B. Scope of Consideration

The Court has discretion to grant a reduced sentence pursuant to the First Step Act. § 404(c); *United States v. Davis*, 07-CR-245S(1), 2019 WL 1054554, at *3 (W.D.N.Y. Mar. 6, 2019), *appeal docketed*, 19-874 (2d Cir. Apr. 5, 2019). "The text of the First Step Act, read in conjunction with other sentencing statutes, requires the Court to consider all relevant facts, including developments since the original sentence." *United States v. Rose*, 379 F. Supp. 3d 223,

3

233 (S.D.N.Y. 2019). 18 U.S.C. § 3582(c)(1)(B) authorizes a court to modify a term of imprisonment "to the extent otherwise expressly permitted by statute." "Under the First Step Act, the district court must first determine a defendant's eligibility for relief and then decide whether a reduced sentence is appropriate." *Rose*, 379 F. Supp. 3d at 225.

## II. Application

Brown committed his offense before August 3, 2010, and Probation, the Government, and the Defendant agree he was sentenced to the old mandatory minimum term of supervised release that was adjusted by the Fair Sentencing Act. Dkt. 227, at 1–2; Dkt. 228, at 3–4; Dkt. 232, at 1–2. The Court finds Brown eligible for a reduction in his sentence pursuant to the First Step Act.

This Court previously granted a sentence reduction pursuant to § 404 of the First Step Act in *United States v. Morgan*, 09 Cr. 699-03 (PAC) (S.D.N.Y. July 22, 2019). In that case the Court reduced the sentence of the Defendant's co-conspirator Jason Morgan, who had served ten years in prison, from 180 months imprisonment with five years of supervised release to time served and four years of supervised release. Opinion & Order, *Morgan*, 09 Cr. 699-03 (PAC) (S.D.N.Y. July 22, 2019), ECF No. 231, at 6–9. In the second case in which this Court granted a sentence reduction, *United States v. Berry*, 1:07 Cr. 868-1 (PAC) (S.D.N.Y. Oct. 31, 2019), the Government advanced an argument that it has repeatedly tried and which has yet to succeed in the courts of this District.[1] Letter, *Berry*, 1:07 Cr. 868-1 (PAC) (S.D.N.Y. Aug. 12, 2019), ECF No. 74. *See, e.g., United States v. Martinez*, 04-cr-48-20 (JSR), 2019 WL 2433660, at *2

---

[1] The Government has met similar results in courts outside the Southern District of New York. *See United States v. Jackson*, 945 F.3d 315, 319–20 (5th Cir. 2019) (finding that the Government's "approach doesn't comport with the ordinary meaning of the statute").

(S.D.N.Y. June 11, 2019) (Rakoff, J.); *Rose*, 379 F. Supp. 3d at 228. One of those cases is currently pending before the Second Circuit, but because the Government does not raise the same statutory interpretation argument here, this Court sees no reason to delay its decision. *See United States of America v. Davis*, 19-874 (2d Cir. Apr. 5, 2019). The Government agrees Brown is eligible to have his term of supervised release reduced to four years. Dkt. 228, at 1, 4.

Brown served 10 years imprisonment, five years more than the current mandatory minimum. *See* Dkt. 227, at 2. He has served nearly a year of his five-year term of supervised release, which is "intended . . . to assist individuals in their transition to community life." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Brown incurred some minor disciplinary infractions while incarcerated, but the Government confirms that these "do not appear to rise to a level that would counsel against the Court's exercise of discretion." Dkt. 228, at 4. None of those infractions involved violence or drugs. Dkt. 232, at 3.

The Defendant accurately observes that, while he was sentenced to a prison term one year above the then-applicable mandatory minimum, he was sentenced at the statutory minimum term of five years of supervised release. *Id.* at 2. Since that minimum has been reduced to four years, his term of supervised release should be, too. This Court's grant of a reduced term of supervised release is therefore in accord with the priorities of the sentencing court, and consonant with the reduced term this Court gave to Brown's co-defendant, Morgan.

## CONCLUSION

Pursuant to 18 U.S.C. § 3582(c)(1)(B) and § 404(b) of the First Step Act of 2018, Brown's motion for a reduced sentence is GRANTED. Brown's term of supervised release is hereby reduced from five years to four years. All other terms of the original sentence will remain the same.

Dated: New York, New York
January 22, 2020

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge